## SHERMAN J. CASS *vs.* BOSTON AND LOWELL RAILROAD COMPANY.[*]

In an action against a railroad company to recover for property stolen from them while they were keeping it as warehousemen, evidence is competent in defence to show that they exercised the same degree of care in relation to the property that was usually exercised in the vicinity in relation to such property by other railroad companies.

In an action of contract against warehousemen to recover for a failure to deliver goods intrusted to them, which are admitted or proved to have been received by them, and not delivered upon demand, the burden of proof is on them to show that the goods have been lost without their fault. BIGELOW, C. J. dissenting.

CONTRACT. The declaration alleged that the defendants received one tub of sugar, the property of the plaintiff, and agreed with him to deliver the same to him in Boston, and the plaintiff paid to them a legal consideration therefor, and duly demanded of them to deliver the same to him, but they neglected and refused to do so, and owe him the value thereof. The answer is sufficiently set forth in the opinion.

At the trial in the superior court, before *Brigham,* J., it appeared that in May 1864, the plaintiff had notice of the arrival at the freight depot of the defendants in Boston of a tub of maple sugar, consigned to him, and went to the office of the

———

[*] This case was from Middlesex County, and was argued on the first bill of exceptions in January 1866.

Cass *v.* Boston & Lowell Railroad Company.

defendants and paid the freight, and received an order for the delivery of the sugar to him at the freight depot; and, upon calling for the sugar at the freight depot, was informed, after a search for it, that it could not be found and had probably been stolen. And there was evidence tending to show that at the time when the sugar was known to be missing, it had been about eight days in the depot, where eight men were employed in attending to the unloading, delivery and taking an account of freight.

The defendants offered to prove that the same care was exercised in relation to this property which was usually exercised in Boston by other railroad corporations in relation to such property; but the evidence was excluded.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*B. Dean,* for the defendants, cited *Lamb* v. *Western Railroad,* 7 Allen, 98.

*J. Q. A. Griffin,* for the plaintiff.

COLT, J. The plaintiff seeks to charge the defendants upon an undertaking, for a legal consideration, to deliver to him in Boston the property named in his declaration, alleging the receipt of the property by the defendants, and their neglect and refusal to deliver the same when duly demanded. The defendants are not alleged in the declaration to be common carriers, but their liability is put upon the ground of bailees for hire or warehousemen. In their answer the defendants admit that they received the property; they do not admit or deny the property of the plaintiff; and they allege that without any neglect or default or carelessness whatever on their part, and while they were exercising due care in respect to it, the tub of sugar was stolen from their warehouse; and they deny the existence of any other agreement between them and the plaintiff, than such as may be inferred from the facts set forth in the answer.

Upon these pleadings no question was raised as to the burden of proof. If the defendants exercised due and ordinary care in the custody of the property they cannot be charged for its loss.

What constituted such care was a question of fact to be judged of with reference to all the circumstances, and especially with reference to the degree of care which other persons engaged in similar business in the vicinity were in the habit of bestowing on property similarly situated. The standard of ordinary care varies necessarily in different localities. One degree of diligence would be required for the city, and a less or greater for the country; depending on a great variety of circumstances. The defendants offered to prove that there was exercised by them in relation to this property that care which other railroad corporations in Boston usually exercised in relation to such property. The court excluded this evidence, and on this ground the exceptions are well taken. *Lichtenhein* v. *Boston & Providence Railroad*, 11 Cush. 70. *Brown* v. *Waterman*, 10 Cush. 117. Story on Baïlm. §§ 11, 454.                  *Exceptions sustained.*

A new trial was thereupon had in the superior court, before *Putnam*, J., at which the plaintiff proved substantially the same facts as at the former trial. It was agreed that the liability of the defendants as common carriers had ceased, the action being brought against them as warehousemen. When the plaintiff's evidence was in, the defendants asked the court to rule that he had not made out his case, and that the defendants were entitled to a verdict; but this request was declined.

The defendants then introduced evidence as to the care which they had used in the custody of the property. After the evidence was all in, the defendants asked the court to instruct the jury that the burden was on the plaintiff to show that they had not exercised ordinary care. But the judge declined so to rule, and instructed the jury that the burden of showing that the loss of the sugar had not been occasioned by any want of ordinary care and diligence on their part was on the defendants; that they were not bound to show the precise manner in which the loss occurred, and, if they were unable to do so, they might exonerate themselves from the burden by showing that the loss did not happen from any negligence or want of proper care on their part.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. G. Abbott & B. Dean*, for the defendants.

*G. M. Brooks*, for the plaintiff.

CHAPMAN, J.   1. The court are all of opinion that the refusal to order a verdict for the defendants at the trial was right.   The plaintiff's evidence showed that the defendants had received the property, and on demand failed to deliver or account for it. There was nothing in this evidence to show that they had any reason for not delivering it; or that any cause but their own neglect or default prevented the performance of their contract. There was certainly a case to go to the jury.

2. The correctness of the ruling at the trial as to the burden of proof, must be considered in reference to the contract declared on.   The instructions of the court of course must correspond to the form of the action.   The rule which has been often stated, that a decision should not be made to turn upon the state of the pleadings, unless the question has been made at the trial, and an opportunity given for any proper amendments, has no application to the case.   The defendants could not amend the plaintiff's declaration.   The declaration in this case is not in tort, but in contract.   The plaintiff does not allege that the defendants were guilty of any want of ordinary care.   He avers merely that the defendants received his tub of sugar and agreed to deliver it to him in Boston ; that this contract was made for a valuable consideration ; and that the defendants refused and neglected so to deliver it.   The defendants admit in their answer the receipt of the sugar at their warehouse, consigned to the plaintiff; and it was proved to be the plaintiff's property ; but they deny any contract except that which is to be inferred from these facts, and further say that the sugar was stolen from their warehouse without any neglect or carelessness on their part. The court ruled that the burden of proof was upon the defendants to show that the sugar was lost without any want of due care on their part; and the correctness of the ruling is before us for decision upon the bill of exceptions.

It may be conceded that when a plaintiff founds his action

upon negligence, or a culpable omission of duty, the burden is upon him to establish it by proof. *Fiske* v. *New England Insurance Co.* 15 Pick. 317. And the defendants contend that this is the issue necessarily involved· in this suit, and that the burden of proof is on the plaintiff throughout. If proof of negligence is an essential part of the plaintiff's case, this would be so; and the burden of proof would not shift. *Lamb* v. *Western Railroad*, 7 Allen, 98. But a majority of the court are of opinion that the plaintiff did not put his case on any such ground. He did not choose to frame his action, as he might have done, upon a breach of contract by the warehousemen relating to the care and custody of property intrusted to them, but upon the omission to deliver goods which they had received, and promised to deliver. This form of declaring imposed the duty and burden upon the defendants to put in evidence special matter in avoidance of the action. They must show an excuse for the non-performance of their promise; and the burden of proof was upon them to establish their excuse. There may have been conflicting evidence as to how the loss of the property occurred, if there were a loss; but the plaintiff did not admit that any loss had happened. The breach of the contract was not denied; the issue was upon the existence of a sufficient excuse for it. · If the defendants indeed prove that the goods are stolen or lost, without direct fault on their part, so that performance is impossible, then if the plaintiff charges that the loss occurred through negligence, he must prove it, and the burden of proof shifts upon him to do so. But until some excuse for the breach of contract is shown by the defendants, the plaintiff has nothing to prove on the subject. Negligence is not in issue. There is nothing in his declaration, or in the proof required to support it, which intimates that the goods are not still in the defendants' possession and control.

This precise distinction is stated as the result of the authori ties in a note to the case of *Platt* v. *Hibbard*, 7 Cow. 500 and is approved by the supreme courts of New York and Penn sylvania, in *Schmidt* v. *Blood*, 9 Wend. 271, and *Beckman* v. *Shouse*, 5 Rawle, 189, 190. It has been fully sanctioned and

approved by this court in *Lichtenhein* v. *Boston & Providence Railroad*, 11 Cush. 70. In that case the nature and extent of the burden of proof were expressly brought under adjudication, were argued by counsel, and decided by the court. Both court and counsel assumed that the rule was that which was adopted in the case at bar, and the only difference was as to extending it farther. Judge Dewey says, " But generally the carrier would have to show some mode in which the loss occurred, to sustain the burden on him, and establish the fact that the loss had not happened through his negligence." The case of *Lamb* v. *Western Railroad*, 7 Allen, 98, is entirely consistent with the view we have taken. There were counts in contract and tort, but the breach of contract, as well as the tort, was based upon negligence in the care and custody of goods by the warehousemen.

That the action can be maintained upon allegation and proof of a failure to deliver the goods on demand, is manifest from the fact that the warehouseman is liable in some cases without regard to the question of due care or negligence. Thus it was adjudged by this court in the case of *Lichtenhein* v. *Boston & Providence Railroad*, above cited, and again in the recent case of *Hall* v. *Boston & Worcester Railroad, ante*, 439, that a warehouseman who delivered the goods to the wrong person was responsible to the owner, even if he did so under an honest mistake, and without the least negligence. So if he keeps the goods safely, and still has them in his possession ; or if a question has arisen in regard to the title, and an adverse claimant has indemnified him for refusing to deliver them. In all these cases, the plaintiff need not allege or prove anything beyond a failure to deliver the goods, and any justification or excuse on which the defendant relies is a substantive matter which he must allege in his answer, and establish by proof, the burden being on him. It is not to be regarded as merely raising a doubt about the making of the contract, or the refusal to perform it, leaving the burden on the plaintiff, but it is a confession and avoidance, by admitting the non-delivery of the goods to the plaintiff, and setting up an excuse. The same principle applies to an alleged loss by theft.

In this case the defendants alone know how they kept the goods, and whether they are in fact lost; and as the rules of pleading make it necessary for them to allege the defence, so the rules of evidence throw upon them the burden of proving it.

Bigelow, C. J., dissenting.   Upon one of the points raised by these exceptions, I have not been able to concur in the conclusion to which a majority of the court has come.   As this difference of opinion relates to one of the important rules of evidence by which the rights and duties of parties under a large class of contracts are to be tried and determined in our courts, I deem it proper briefly to state the grounds of my dissent.

It is material to observe in the outset, that no question was raised at the trial of this case upon the pleadings.   The parties proceeded to put in their evidence, and the court made the ruling set forth in the exceptions, without any reference to the precise form of the action or to the particular averments in the declaration or the answer.   It is therefore manifestly unjust and contrary to the well settled practice of this court to allow the decision of the case to turn on the state of the pleadings.   Any question or ruling founded on them should have been distinctly raised or stated at the trial.   This well settled rule of practice seems to me to be applicable to this case.   The defendants could not, it is true, amend the plaintiff's declaration ; but if it had been stated at the trial, as it was not, that the ruling as to the burden of proof was founded on the particular form of the declaration, the defendants would then have had an opportunity to raise the objection, which, for reasons stated hereafter, would nave been, in my opinion, a valid one, that there was a variance between the declaration and the evidence, and that an action could not be maintained on the facts proved for a mere omission by the defendants to deliver the merchandise which they have received and promised to deliver.

The case, which the parties seem to have wished to try on its merits, is a very simple one.   It is an action to recover the value of an article of merchandise.   There was no dispute at the trial as to the title to the property.   The controversy hinged on the question whether the defendants had fulfilled their

contract with the plaintiff concerning the custody of the article. Nor was there any contention as to the nature of this contract. The exceptions expressly state that it was agreed between the parties that "the liability of the defendants as common carriers had ceased, the action being brought against them as warehousemen." The single point raised by the exceptions concerning which there is any difference of opinion relates to the burden of proof. The question at issue may be concisely stated thus: In an action against a warehouseman for breach of his contract relating to the care and custody of property intrusted to him, in which no special matter in discharge or avoidance of the action is relied on in defence, does the burden of proof shift from the plaintiff to the defendant, making it incumbent on the latter to establish any fact by the preponderance of evidence in order to prevent a recovery by the former?

It would seem from this statement that, on the most elementary principles of evidence, the *onus probandi* must rest on the plaintiff throughout, and cannot be put on the defendant, unless this action is exceptional in its nature, and is to be tried under a different rule from that applicable to actions generally. This conclusion follows necessarily from the issue raised between the parties. The defendant makes no new or distinct affirmation or proposition of fact in answer to the plaintiff's case. He rests his defence on a simple denial of the facts set up by the plaintiff. The evidence adduced on both sides applies to one and the same issue. The plaintiff avers a breach of contract for which he seeks to recover damages; this the defendant denies, and it is on this single point of inquiry that the whole case turns. This will more clearly appear by an analysis of the contract for breach of which the plaintiff brings this action. The undertaking of a warehouseman is that he will receive property into his possession and custody, that he will use due care in keeping it, and will deliver it on reasonable demand to the owner, if by the use of the requisite care it shal. then be within his control. It is to be borne in mind that the stipulation to keep and deliver property is not absolute and unconditional. It is only to use due care in keeping it, and to

deliver it if, after using such care, he shall have it in his possession ready for delivery. In order to show a breach of this contract, the plaintiff is bound to prove a failure by the defendant to comply with some one of its essential terms. Unless he does this, he cannot make out a *primâ facie* case, so as to put the other party to the necessity of offering any evidence. Therefore if, in an action against a warehouseman for non-delivery of property intrusted to him, there is no proof whatever of a want of due care in keeping it in his custody and possession, there is no evidence of any breach of his contract. As he did not agree to keep or deliver the property absolutely and unconditionally, if nothing else is shown but a failure to deliver it, without any facts from which negligence can be inferred; the plaintiff stops short in establishing any ground for recovery. Certainly the issue of negligence is one which is raised by an allegation of breach of the contract, the burden of proving which must rest on the party affirming it. It is not necessary to say, nor do I mean to imply, that evidence of a demand for and a refusal or failure to deliver property do not make out a *primâ facie* case, so as to make it incumbent on the defendant to meet it by some countervailing evidence. The ruling at the trial went the length of holding that the burden of proving the use of due care rested on the defendants, and that, when there was evidence offered by both parties on the issue of due care, it was the duty of the defendants to establish it by the weight of the evidence ; in other words, if on the whole evidence bearing on the question of the use of proper care by the defendants the jury were left in doubt whether the defendants had been guilty of negligence, the plaintiff was entitled to recover. The effect of this ruling, in my judgment, was to alter essentially the terms of the contract on which the defendants received the property into their custody. It converted a qualified and conditional contract into an absolute and unconditional one. It made the defendants liable, unless they assumed the burden of showing as a distinct and affirmative proposition in answer to the plaintiff's case, a fact, which was necessarily involved in the allegations of the plaintiff, without proof of which he could not maintain his action. In short, it

made it the duty of the defendants to show there was no breach of the contract.

It seems to me that it would be going quite far enough to say, that in an action of this nature evidence of a demand and a refusal or failure to deliver property on due demand would be sufficient to make out a *primâ facie* case; but that it is a violation of sound principle to hold that such refusal or failure shifted to the defendants the burden of showing that he had fulfilled the contract, when the plaintiff had at most offered evidence only tending to prove a breach.

I am unable to distinguish the case at bar from the common one in which negligence constitutes an essential element in the cause of action. Take, for example, an action against a carrier of passengers for a personal injury. In such case the plaintiff claims to recover for a breach of the contract of carriage. He is bound to prove not only the agreement to carry with due care, but also that the defendant has been guilty of some act of negligence or carelessness. It will not be sufficient for him to prove that he entered the vehicle in a sound condition, and in the course of his journey over the stipulated route that his limbs were broken or some other bodily injury was sustained, but he must offer some evidence from which it can be inferred that the fractures or wounds were caused by an omission of duty on the part of the defendants, and this fact he must establish by the fair weight of the whole evidence, taking into view the testimony adduced by both parties. *Le Barron* v. *East Boston Ferry Co.* 11 Allen, 316, and cases cited.

It is said, however, that in the present case the plaintiff did not claim to recover on the ground of negligence on the part of the defendants, but on an " omission to deliver goods which they had received, and promised to deliver ;" and that this form of declaration imposed on the defendants the burden of showing that the property was not lost by any want of care on their part. The difficulty with this proposition is twofold. In the first place, as has been already suggested, it makes the correctness of the ruling turn on the pleadings in a case, in which it does not appear that either the court or the counsel had their attention called to

them, or that it was intended or understood at the trial that the burden of proof was made to depend on the particular averments in the declaration. There is nothing in the exceptions, from which it appears that the case was put on any such ground. On the contrary, the statement is, that the plaintiff claimed to hold the defendants on their liability as warehousemen. But the graver difficulty is that the plaintiff could not legally maintain any such claim against the defendants, and the evidence offered by him at the trial did not support it. For this reason, I am unable to understand how the ruling of the court can be sustained on the ground that "the plaintiff did not choose to frame his action on a breach of the contract by warehousemen, relating to the care and custody of property intrusted to them." It seems to me that this was the sole ground of action which, on the facts proved, he had against the defendants. They had never promised absolutely to deliver the plaintiff's property to him. He proved no such undertaking by them. The evidence which he adduced showed only that they had received his property as warehousemen, and were liable to the duties and obligations of that relation. It certainly cannot be maintained that a plaintiff, by the form in which he brings his action, can in any degree change or affect the rights and liabilities of defendants under their contracts with him.

Besides, as already suggested, there was a variance between the declaration and the evidence. If the defendants had had notice that the ruling as to the burden of proof was based on the form of the declaration, they might then have objected that the plaintiff had not proved his averments. Indeed, if the case is to turn on the form of the declaration, I cannot see why the court did not err in refusing to rule, at the close of the plaintiff's evidence, that he "had not made out his case, and the defendants were entitled to a verdict." The variance was this: The plaintiff did not prove his allegation of an absolute promise to deliver, but only a promise to make delivery if by the use of due care they had the property in their possession when called for. It is to be observed that the case proved was not one of a wrong delivery of property, or of a refusal to deliver it when it was

in the possession of the defendants. The instructions given are in terms made with reference solely to a "loss of goods" while in the possession of the defendants. Now in such a case, as I understand it, the warehouseman is liable only under and by virtue of his contract. By the rules of pleading, he could be charged only in an action of assumpsit, or in an action on the case for an omission or failure to deliver property. In either form it was necessary to set out the contract substantially, and the mode of averring the loss of the property or the failure to deliver it was that it was caused by the negligence and carelessness of the defendant. The rule at common law is general, that for an omission or nonfeasance by a party who is lawfully possessed of goods, the remedy must be in case or assumpsit. 1 Chit. Pl. 155, 384. 2 Ib. 670 *et seq.* It is only in case of misfeasance, where property has been lost to the owner by some act of a bailee, that an action of trover can be maintained against him. In the former class of cases, where nonfeasance is the ground of action, by reason of which property has been lost, the burden is on the plaintiff to support the allegation of the breach of contract or duty by proof of carelessness or negligence. In the latter class, the burden is also on the plaintiff to prove the misfeasance or wrongful act by which the plaintiff is injured; but it is sufficient, in order to sustain this burden, to prove the act itself. It is only in these latter class of cases that evidence of delivery to a wrong person, or a refusal to deliver property to the true owner by a bailee who has it in his possession, is held to be sufficient to support an action against him. 1 Chit. Pl. 142. *Ross* v. *Johnson,* 5 Burr. 2825. *Devereux* v. *Barclay,* 2 B. & Ald. 702. *Hawkins* v. *Hoffman,* 6 Hill, 588, and cases cited. But even in these cases the burden of proof is on the plaintiff to show the misfeasance. So in the case at bar, the burden was on the plaintiff to show the nonfeasance of the defendants, and this could be done only by evidence which tended to show that the "loss of the property" was occasioned by a breach of the defendants' contract, in failing to use due care. It seems to me that the declaration in the present case was defective and insufficient. It did not set forth the real and only cause of action which the plaintiff had against

the defendants ; and the rights of the defendants ought not to be made to turn upon it. A plaintiff could not declare against a carrier of passengers, that he had agreed absolutely to transport him to a place in safety, and had failed to do so, and recover on proof only that he arrived at the designated place severely injured. He could not support his action without some evidence of negligence on the part of the carrier, notwithstanding the form of his declaration. I do not see that the same rule is not applicable to a warehouseman. It comes back therefore to this: that the plaintiff, by a form of declaration which the evidence offered by him did not sustain, is allowed to shift the burden of proof to the defendants, of showing a fact which constituted an essential part of his case against them.

I am unable to perceive why the whole point of difference is not conceded, when it is said in the opinion of the majority of the court that if the defendants prove that the goods were lost or stolen without direct fault on their part, then if the plaintiff charges that the loss occurred through negligence he must prove it, and the burden of proof shifts upon him to do so. Why so, if the burden is on the defendant to prove that he used due care, or if the contract was not that he should be liable for the property only in case he was guilty of negligence in its care and custody ? Certainly, if the defendant was bound to prove the use of due care, he could not shift it to the plaintiff by any amount of evidence, which tended to prove it. The burden remained on the party who was bound to prove the fact, though the weight of evidence may have greatly preponderated on his side. *Powers v. Russell*, 13 Pick. 69.

Nor can I see how the ruling of the court at the trial can be sustained consistently with the doctrine laid down in the opinion of the majority of the court. The defendants offered evidence of the care which they had used in the custody of the property, and there was evidence tending to show that it had been lost or stolen. If this was sufficient to satisfy the jury that the merchandise in controversy was lost or stolen without fault on the part of the defendants, so that delivery was impossible, then according to the opinion of the court the burden shifted to the

plaintiff to show that the loss happened through the negligence of the defendants; but the court gave no such instruction ; on the contrary, after the evidence was all in on both sides, it was ruled that the burden of showing that the loss was not occasioned by any want of due care was upon the defendants.

The authorities cited in the opinion of the court do not appear to me to warrant the conclusion at which they have arrived. Those which are cited to show that an action against a warehouseman can be maintained without proof of negligence are cases of misfeasance, and on the grounds already stated are distinguishable from the case at bar. They have no bearing on the question of the burden of proof. The case of *Lamb* v. *Western Railroad,* 7 Allen, 98, as I understand it, is directly adverse to that conclusion. It was an action against a railroad corporation in their capacity as warehousemen for the loss of property in their custody. The declaration contained counts in contract as well as in tort. The ruling of the court was, that the evidence offered was insufficient to maintain any of the counts. This ruling was sustained by this court on the express ground that there was no want of due care shown, and that it was necessary for the plaintiff in order to maintain his action " to offer some affirmative and substantive evidence of carelessness on the part of the defendants." In *Lichtenhein* v. *Boston & Providence Railroad,* 11 Cush. 70, the question whether the burden of proof was on the plaintiff was not raised. The ruling at the trial was that it was on the defendants, and the real point decided was that this ruling was sufficiently favorable to the plaintiff, who was the excepting party. All that was said further on the question by the court was entirely *obiter,* and quite unnecessary to the decision of the case. The statement in the note to *Platt* v. *Hibbard,* 7 Cow. 500, was made before the subject matter of the burden of proof had been carefully considered and examined, and logical conclusions concerning it had been deduced and applied by courts of justice. I cannot reconcile the doctrine of the annotator with that which has been recognized and adopted by this court in *Powers* v. *Russell, ubi supra,* *Tourtellot* v. *Rosebrook,* 11 Met. 460 ; *Delano* v. *Bartlett,* 6 Cush

364; *Morrison* v. *Clark*, 7 Cush. 213; *Central Bridge* v. *Butler* 2 Gray, 130. The distinction attempted to be made seems to me to confound a case, where *primâ facie* evidence is offered by a plaintiff requiring the other party to meet it by some controlling evidence, with one which shifts the burden of proof, requiring proof of some new and distinct fact in order to make out a defence. The case in 9 Wend. 271, distinctly lays down the rule that in an action against a warehouseman the *onus* of showing negligence is on the plaintiff, unless in case of total default in delivering or accounting for the goods. In the case at bar, the defendants offered evidence tending to account for the goods, and that they were lost without default on their part.

For these reasons, I am constrained to say that the defendants are in my judgment entitled to a new trial.

*Exceptions overruled.*